IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MOISES MARTINEZ GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-767 (AJT-IDD) |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Moises Martinez Garcia's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking release from Immigration and Customs Enforcement ("ICE") custody that began on March 10, 2026. [Doc. No. 1]. Respondents oppose the Petition. [Doc. No. 4]. Upon consideration of the filings, and for the reasons stated below, the Petition is GRANTED.

## I.   BACKGROUND

Petitioner is a 32-year old citizen and national of El Salvador who entered the United States without inspection in or around June 2014. [Doc. No. 1] ¶ 38. On June 21, 2014, U.S. Customs and Border Protection agents encountered Petitioner and determined that Petitioner had unlawfully entered the United States from Mexico without being admitted or paroled. [Doc. No. 4-1] ¶ 6. Petitioner was processed for Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1), but before he was removed, Petitioner expressed a fear of return to El Salvador and was given a Credible Fear Interview, following which the asylum officer determined that Petitioner had a credible fear of returning to El Salvador. *Id.* ¶¶ 6–8. On July 7, 2014, Petitioner was issued a Notice to Appear ("NTA") charging him with being inadmissible to the United States (and thus removable from the

United States) under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as a noncitizen without a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document. [Doc. No. 1-1].

On September 29, 2014, Petitioner was released on bond set by an Immigration Judge in the amount of $9,000. [Doc. No. 4-1] ¶ 9. Following his release, Petitioner established a life in Maryland, where he lives with his U.S. citizen wife and their two U.S. citizen children, a nine-year-old daughter and an eight-month-old son. [Doc. No. 1] ¶ 43. On August 31, 2018, USCIS approved Petitioner's beneficiary Petition for Alien Relative, filed by his U.S. citizen wife, allowing Petitioner to apply for adjustment of status pending availability of a visa, [Doc. No. 1-2], following which on November 27, 2019, an Immigration Judge ordered the administrative closure of Petitioner's removal proceedings based on the approved I-130. [Doc. No. 1] ¶ 45. On August 27, 2020, Petitioner's bond was cancelled, *i.e.* made available for the obligor to collect. [Doc. No. 4-1] ¶ 11. Petitioner has employment authorization under category C08 that is valid until July 1, 2030. [Doc. No. 1] ¶ 50. On June 12, 2025, DHS filed a motion to re-calendar proceedings as Petitioner had yet to be granted any collateral relief or benefit, which the Immigration Court denied on June 25, 2025 because DHS failed to provide evidence that the collateral relief was denied or otherwise not pending. [Doc. No. 4-1] ¶ 12.

On March 10, 2026, Petitioner was encountered by Immigration and Customs Enforcement ("ICE") agents and taken into civil custody at Farmville Detention Center, where he remains detained. *Id.* ¶ 46. On March 13, 2026, an Immigration Judge concluded that he lacked jurisdiction to release Petitioner on bond under the government's interpretation of the mandatory detention provisions, but made an alternative finding that Petitioner is not a danger to the community and any flight risk that Petitioner may pose would be offset by payment of an $8,000 bond. *Id.* ¶ 49.

## II.    LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III.    DISCUSSION

Petitioner seeks habeas relief from this Court on the grounds that his ongoing detention violates the Immigration and Nationality Act (the "INA") (Count I) and his constitutional due process rights (Count II). Respondents oppose the Petition, arguing that because Petitioner was initially processed for expedited removal under 8 U.S.C. § 1225(b)(1), he continues to be subject to that clause's mandatory detention notwithstanding the fact that he was subsequently transferred to Section 240 removal proceedings and released on bond.

The Court has previously rejected Respondents' arguments under 8 U.S.C. § 1225(b)(1) in similar cases and recognized that "§ 1225(b)(1) only mandates detention of noncitizens arriving in the United States during the pendency of expedited removal proceedings and the credible fear interview and review process." *Portillo-Argueta v. Simon*, 2026 WL 184194, at *4 (E.D. Va. Jan. 23, 2026); *see also* Order, *Rezaee v. Bondi*, 1:26-cv-277 (E.D. Va. Mar. 12, 2026), Dkt. No. 11 (ordering bond hearing for petitioner who was initially issued an expedited removal order but subsequently issued a NTA vacating that order and placing him into removal proceedings under Section 1229a of the INA); Order, *Ajay-Ajay v. Noem*, 1:26- cv-00493, Dkt. No. 7 (E.D. Va. Mar. 24, 2026) (same). Where, as here, Petitioner was previously released on bond, that release "carries legal significance" because "DHS's decision to release an individual on bond . . . constitutes strong evidence that DHS intended to detain the individual under § 1226(a) and not under § 1225(b)." *Portillo-Argueta*, 2026 WL 184194, at *4 (citing *Luna Sanchez v. Bondi*, 2025 WL 3191922, at

*4 (E.D. Va. Nov. 14, 2025).

Here, Petitioner was initially processed for expedited removal pursuant to 8 U.S.C. § 1225(b)(1), and was mandatorily detained under that provision, but was subsequently issued a NTA placing Petitioner into removal proceedings under Section 1229a and classifying Petitioner as "an alien present in the United States who has not been admitted or paroled," rather than "an arriving alien." [Doc. No. 1-1]. Thereafter, Petitioner was released on bond and, without any revocation of that bond,[1] was re-detained. After being re-detained, on March 13, 2026, an Immigration Court again concluded that, although it lacked jurisdiction to release Petitioner on bond because of the Government's interpretation on the scope of the INA's mandatory detention provision, the Immigration Court made an alternative finding that if Petitioner was detained under Section 1226, it would set bond at $8,000. Respondents' contention that Petitioner continues to be mandatorily detained under 8 U.S.C. § 1225(b)(1)(B)(ii) because his application for asylum "remains pending" before the Board of Immigration Appeals lacks any support in any reasonable reading of the statute.[2]

For these reasons, Petitioner is detained pursuant to Section 1226(a) and not Section 1225(b)(1), and is entitled to a bond hearing.[3] Because an Immigration Judge recently concluded that Petitioner is eligible for release on bond, the Court orders Petitioner's release consistent with that decision.

---

[1] Respondents submit that Petitioner's bond was "cancelled" on August 27, 2020, but the Court does not understand this to mean that the bond was revoked, and instead understands that the cancellation of Petitioner's bond was due to the fact that Petitioner's removal proceedings were administratively closed.

[2] It is also unclear whether Petitioner's application for asylum remains pending since Petitioner's beneficiary Form I-130 Petition for Alien Relative, filed by Petitioner's U.S. citizen wife, was approved and, as a result, Petitioner's removal proceedings were administratively closed so that Petitioner could pursue collateral relief.

[3] Having rejected Respondent's arguments that Petitioner is detained pursuant to § 1225(b)(1), the Court need not consider Respondents' argument that 8 U.S.C. § 1252(a)(2)(A)(iv) strips this Court of jurisdiction to review Petitioner's claims.

## IV.   CONCLUSION

For the reasons stated above, the Petition is GRANTED and it is hereby

**ORDERED** that Petitioner be released immediately from custody subject to the $8,000

bond that was set by the Hyattsville Immigration Court on March 13, 2026; and it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees,

attorneys, successors, and assigns, and all persons acting in concert with them—be and are

ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal,

state, or local law; has failed to attend any properly noticed immigration or court hearing; or has

received a final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record and to terminate

the case.


April 20, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

5